# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID MANLEY,                )
                           )
        Plaintiff,        )
                           )
vs.                       )        Case No. 18−cv–1499−SMY
                           )
STEPHANIE WAGNER,     )
JOHN DOE 1,            )
JOHN DOE 2,             )
JANE DOE 1,             )
JANE DOE 2, and      )
JANE DOE 3              )
                           )
                           )
        Defendants.     )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Manley, an inmate at Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Vandalia Correctional Center. Plaintiff requests declaratory relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was attacked by John Doe 1, another inmate, on May 26, 2017. (Doc. 1, p. 5). He was punched repeatedly in the back of the head, causing him to fall forward. *Id*. Plaintiff struck his face on his personal storage box, rendering him unconscious. *Id*.

Plaintiff was escorted to the health care unit where Jane Does 1-3 denied him adequate medical treatment for his injuries. *Id*. Plaintiff was then placed in investigative segregation where he remained in extreme pain, to the point that he had difficulty eating and sleeping. *Id*. He requested assistance from John Doe 2, who did nothing despite observing Plaintiff's injuries. *Id*. After his release from segregation, Plaintiff continued to request medical treatment from Wagner and the health care unit, to no avail. (Doc. 1, p. 6).

Plaintiff was not seen for medical treatment until June 19, 2017. *Id.* X-rays taken on June 20, 2017 revealed that Plaintiff had multiple broken bones in his face, including a broken jaw. *Id.* Plaintiff continues to suffer from headaches and permanent vision loss as a result of this incident. (Doc. 1, p. 7).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1 –** Wagner, John Doe 2, and Jane Does 1-3 were deliberately indifferent to Plaintiff's facial injuries in violation of the Eighth Amendment when they delayed his treatment after his assault.

> **Count 2 –** John Doe 1 used excessive force on Plaintiff in violation of the Eighth Amendment.

### Count 1 – Deliberate Indifference to medical needs

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state such a claim, an inmate must plead sufficient allegations to plausibly suggest: 1) that he suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Objectively serious conditions include an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or one that involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which

he could infer that a substantial risk of serious harm exists, and that he actually drew the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff alleges that he suffered a broken jaw and other facial injuries, which the Court presumes constitutes a serious medical need for purposes of this Order. He also alleges that Defendants Wagner, John Doe 2, and Jane Does 1-3 all knew about his injuries but declined to take action, causing him to go without proper medical treatment for several weeks. These allegations are sufficient to state a colorable deliberate indifference claim. Accordingly, Count 1 will be permitted to proceed against the defendants in their individual capacities.[1]

### Count 2 – Excessive Force

Count 2 must be dismissed because John Doe 1 is not a proper defendant for a § 1983 claim. Inmates, even those drawing state pay, are not state actors. *Gayman v. Principal Financial Services*, 311 F.3d 851, 852 (7th Cir. 2002); *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) ("[A] private citizen cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law . . ."). While Plaintiff may have a state law claim against John Doe 1, the Court finds no ground for joinder, and Plaintiff has no federal claim against John Doe 1. Accordingly, Count 2 will be dismissed with prejudice for the

---

[1] The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff has not sought injunctive relief here, and he is no longer incarcerated at Vandalia.

failure to state a claim.  However, this dismissal is without prejudice to any state proceedings that may arise from the facts Plaintiff has articulated here.

**Pending Motions**

Plaintiff's Motion for service of process at government expense is **DENIED** as moot, as Plaintiff has been granted leave to proceed IFP, and the Court is obligated to order service in that situation pursuant to Fed. R. Civ. P. 4.  (Doc. 3).

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Wagner, John Doe 2, and Jane Does 1-3.  **Count 2** is and Defendant John Doe 1 are **DISMISSED with prejudice**.  Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED as MOOT**.

The Clerk of Court shall prepare for Defendant Wagner: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Reona J. Daly** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**