IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID MANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1499-RJD |
| | ) | |
| STEPHANIE WAGNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment (Doc. 29) filed by Defendant Waggoner.[1] For the following reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff David Manley, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Vandalia Correctional Center ("Vandalia"). Following threshold review, Plaintiff was allowed to proceed on the following claim:

> **Count 1:** Defendants Waggoner, John Doe 2, and Jane Does 1-3 were deliberately indifferent to Plaintiff's facial injuries in violation of the Eighth Amendment when they delayed treatment after an assault.

Defendants John Doe 2 and Jane Does 1-3 were dismissed on December 12, 2019. Defendant Waggoner filed a motion for summary judgment asserting Plaintiff's claim is unsupported by evidence and she is entitled to qualified immunity (Doc. 29). Plaintiff failed to timely respond to the motion. Pursuant to Local Rule 7.1(c), the Court considers Plaintiff's failure

---

[1] The Clerk of Court is directed to correct the spelling of Defendant's name to Stephanie Waggoner.

to respond an admission of the merits of the motion.

Plaintiff alleges he was attacked by another inmate on May 26, 2017 (Plaintiff's Complaint, Doc. 1 at 5). Plaintiff was escorted to the health care unit by security staff (Id.). Plaintiff was examined by a registered nurse for contusions and abrasions (Plaintiff's Medical Records, Doc. 30-3 at 1-4). The nurse documented swelling and edema below Plaintiff's left eye with purple discoloration of the skin (Id. at 1). For the contusions, Plaintiff was told to apply a cold pack, take acetaminophen, and return to sick call if needed (Id. at 1-2). The nurse also noted two abrasions on Plaintiff's forehead and cleaned the area with antiseptic soap and scheduled Plaintiff for a follow-up the next morning with a physician (Id. at 3-4).

On May 27, 2017, Plaintiff was examined by a physician who ordered facial x-rays and Tylenol (Doc. 30-3 at 7). On May 31, 2017, Plaintiff had three views of facial bone x-rays taken and the findings could not exclude a possible fracture in the trauma setting (Id. at 9). The findings noted a follow-up examination or CT scan of the maxillofacial region may be considered (Id.). On June 10, 2017, a physician completed a Medical Special Services Referral and Report to send Plaintiff for a CT scan as recommended by radiology (Id. at 10). On June 19, 2017, Plaintiff was sent on a medical furlough for a CT scan (Id. at 12). The CT scan found a fractured zygomatic arch in Plaintiff's face (Id. at 13). Following the CT report, a second Medical Special Services Referral and Report was completed to send Plaintiff to an oral surgeon for emergency evaluation (Id. at 15). On June 20, 2017, Plaintiff was evaluated by an oral surgeon and surgery was scheduled for June 28, 2017 (Id. at 18-20). On June 24, 2017, Plaintiff was evaluated by a physician and cleared for surgery (Id. at 23). Plaintiff underwent surgery to repair the zygomaticomaxillary complex fracture on June 28, 2017 (Id. at 25-29).

Plaintiff testified he is suing Defendant Waggoner because staff at Vandalia was deliberately indifferent to his medical needs by waiting over a month to get him to a specialist (Doc. 30-1 at 6, 9). Plaintiff stated during his deposition he was suing her because of her supervisory position as Warden within IDOC and not for any personal action she took against him (Id.). Plaintiff testified he did not know when he allegedly sent Defendant Waggoner letters concerning his need for medical treatment or when he talked to her (Id. at 11, 14). Plaintiff wrote a grievance on July 24, 2017, claiming he was denied or delayed access to medical care for the injuries he sustained (Doc. 1 at 9-10). The grievance was investigated, and the Grievance Committee found Plaintiff's health care needs were being met on the issue (Id. at 11). On September 20, 2017, Defendant Waggoner concurred with the Grievance Officer's findings (Id.)

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most

favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances are indicative of an objectively serious condition: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

An inmate must also show that prison officials acted with a sufficiently culpable state of mind, namely deliberate indifference. Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653.

A plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Also, "mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

## ANALYSIS

Plaintiff alleges Defendant Waggoner acted with deliberate indifference to his medical needs by failing to ensure medical staff sent him to an outside specialist at an earlier date. Plaintiff, however, cannot show Defendant Waggoner was personally involved in any delay or denial of medical care. Plaintiff was taken to the health care unit following the attack and was evaluated and treated by medical professionals.

If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Giles v. Godinez*, 914 F.3d 1040, 1049-50 (7th Cir. 2019); *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). In contrast, a prison official may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008); *see also Reed v. McBride,* 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly

denied an inmate life-sustaining medication and food).

It is undisputed that medical personnel examined and treated Plaintiff on no fewer than eight occasions between May 26, 2017 and when he underwent surgery on June 28, 2017. Plaintiff set forth no evidence of when Defendant Waggoner was made aware between May 26, 2017 and June 28, 2017 of his alleged lack of medical treatment. Even assuming Defendant was made aware of Plaintiff's complaints during that timeframe, she was justified in following the recommendation of health care unit staff regarding Plaintiff's course of treatment. There is no evidence Waggoner had reason to believe that prison doctors or their assistants were mistreating, or not treating, Plaintiff.

Defendant Waggoner's only direct involvement was in the denial of Plaintiff's grievance in September, three months after he had undergone surgery. Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Moreover, to the extent Plaintiff's claim asserts Waggoner is responsible in her role as Warden for alleged delay in treatment by non-parties, *respondeat superior* liability does not apply to prison officials or to a private corporation under § 1983. Defendant Waggoner is entitled to summary judgment on Plaintiff's claim.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendant (Doc. 29) is **GRANTED** and judgment shall be entered in favor of Defendant Waggoner and against Plaintiff. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 6, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**